IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE UNIFIED BUDDHIST CHURCH OF VIETNAM, GIAO HOI PHAT GIAO VIET NAM THONG NHAT | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 4:17-cv-01433 |
| UNIFIED BUDDHIST CHURCH OF VIETNAM-GIAO HOI PHAT GIAO VIET NAM THONG NHAT d/b/a VAN PHONG II VIEN HOA DAO, DANG PHAM a/k/a/ THICH GIAC DANG, STEVEN DIEU, QUE PHUONG BUI, and PHUONG QUE BUI, INC., | § § § § § § § § | |
| Defendants. | § § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, The Unified Buddhist Church of Vietnam, Giao Hoi Phat Giao Viet Nam Thong Nhat ("UBCV") files this Original Complaint against Defendants: (1) Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Viet Nam Thong Nhat d/b/a Van Phong II Vien Hoa Dao ("UBCV Texas"); (2) Dang Pham a/k/a Thich Giac Dang ("Dang"); (3) Steven Dieu ("Dieu"), (4) Que Phuong Bui; and (5) Phuong Que Bui, Inc., and alleges the following:

## I.
## Parties

1.      Plaintiff, UBCV, is a religious, non-profit unincorporated organization.

2.      Defendant UBCV Texas is a Texas non-profit corporation originally established to act as a local representative of Plaintiff UBCV.  UBCV Texas can be served with process through its registered agent, Defendant Steven Dieu, at 13913 South Post Oak Road, Suite B, Houston, Texas 77045.

3.      Defendant Dang is a Buddhist monk residing in Houston, Harris County, Texas. He can be served with process at his place of business, 13913 South Post Oak Road, Suite B, Houston, Texas 77045, or wherever he may be found.

4.      Defendant Dieu is an attorney residing in Houston, Harris County, Texas.  He can be served with process at his place of business, Harris County Attorney's Office, 1019 Congress, 17th Floor, Houston, Texas 77002, or wherever he may be found.

5.      Defendant Que Phuong Bui is an individual residing in Houston, Harris County, Texas.  She may be served with process at 2714 Garner Court, Houston, Texas 77584 or wherever she may be found.

6.      Defendant Phuong Que Bui, Inc. is Texas corporation.  It may be served with process through its registered agent, Defendant Que Phuong Bui, at 2714 Garner Court, Houston, Texas 77584 or wherever she may be found.

## II.
## Jurisdiction and Venue

7.      This is a civil action for false designation of origin, unfair competition and dilution under the Lanham Act, including 15 U.S.C. § 1125(a) and (c)(1), dilution under the Tex. Bus. & Comm. Code § 16.103, and common law trademark infringement, unfair competition, false designation of origin, and unjust enrichment.

8.    This Court has subject matter jurisdiction over UBCV's claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over UBCV's claims under state law pursuant to 28 U.S.C. § 1367(a).

9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because at least one Defendant resides in Houston, Texas, or Harris County, Texas, and on information and belief, all Defendants reside in the state of Texas, and further upon information and belief, all or most of the events giving rise to this action took place in Harris County, Texas.

### III.
### Factual Background

10.    Plaintiff, UBCV, was founded in Vietnam in 1964 as a Buddhist organization, and is structured as a hierarchical Church. UBCV has millions of members and branches operating under it throughout the world and is recognized worldwide as representing the 2000-year tradition of Vietnamese Buddhism.  Since that early date in 1964, UBCV has been known by its members as "UBCV", "Unified Buddhist Church of Vietnam", or "Giao Hoi Phat Giao Viet Nam Thong Nhat."  And since 1992, UBCV is also known as "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a/ Van Phong II Vien Hoa Dao".

11.    UBCV has continuously used its marks, "UBCV", "Unified Buddhist Church of Vietnam" and "Giao Hoi Phat Giao Viet Nam Thong Nhat" since 1964 and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat since 1992 in the United States and elsewhere in the world.

12 .    During the Vietnam War, the UBCV took an active position in favor of peace. UBCV celebrated 30 years of peaceful struggle or religious freedom, human rights and democracy in Vietnam at a commemorative ceremony in 2005.  President George W. Bush sent UBCV a letter of appreciation and best wishes for that ceremony.  In 2003, the United States Congress issued House Resolution 427 congratulating the newly-appointed leadership of the UBCV in Vietnam and commending the UBCV's longstanding moral traditions.

13.    UBCV's leader Patriarch Thich Quang Do (the "Patriarch"), a 16 time Nobel Peace Prize nominee, is currently under house arrest by the Communist government of Vietnam.  He oversees the overall operations of the branches of UBCV through the *Executive Office of the UBCV Institute for the Dissemination of the Dharma* (VIEN HOA DAO), which is managed in part by Penelope Faulkner in Paris, France.

14.    UBCV Texas was formed in 1992—at the time as an unincorporated association operating under the assumed name of Van Phong II Vien Hoa Dao—to represent UBCV in the United States.  In 2014, UBCV Texas was incorporated as Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Viet Nam Thong Nhat.

15.    From its founding until about 2015, UBCV Texas operated under the control and supervision of UBCV and the *Executive Office of the UBCV Institute for the Dissemination of the Dharma* (VIEN HOA DAO).  Over the years, UBCV appointed various Buddhist monks as head and leader of UBCV Texas.

17.     On or about May 16, 2014, monk Thich Tri Lang resigned his position as the head of UBCV Texas and about a month later, on or about June 13, 2014, UBCV appointed Defendant Dang as Lang's successor.

18.     To obtain 501(c)(3) tax-exempt status, UBCV instructed Dang to incorporate UBCV Texas.   Dang incorporated UBCV Texas with Defendant Dieu's assistance. UBCV also appointed Dang, Penelope Faulkner, and Minh D. Tran to be the initial directors of the newly incorporated non-profit corporation.

19.     After UBCV Texas was incorporated, UBCV raised approximately $2 million for the purchase of real property for a UBCV temple in the United States, raised approximately $230,000 for the victims of the Nepal earthquake, and raised approximately $68,000 for hurricane victims in the Philippines.   UBCV raised these funds by appealing to its members.   UBCV provided and directed its members to provide all of these funds to UBCV Texas for use according to the purposes for which the funds were raised.

20.     On information and belief, Dang, acting as an agent and representative of UBCV through UBCV Texas, purchased real property in California for about $1,250,000, using proceeds provided by UBCV.

21.     On or about July 21, 2015, UBCV requested Dang to provide an accounting of the funds that UBCV had provided to UBCV Texas.

22.     Dang failed to provide the requested accounting and instead two weeks later (on August 4, 2015) resigned from all positions in UBCV and UBCV Texas.   Dang promised

to turn over to a new successor all records, documents, and accounts of UBCV Texas and UBCV accepted Dang's resignation on August 8, 2015.

23.    Ten days later, on August 18, 2015, instead of assisting with an orderly transition to a successor, providing an accounting, and turning over all records, documents and accounts, Dang called a special meeting of the Board of UBCV Texas with less than 24 hours-notice to the members.  Faulkner objected as a board member to the notice, the meeting's quorum, and the majority requirements, but Dang went forward with the special meeting over Faulkner's objections.  At the special meeting, Dang had six new members of the Board aligned with him elected.  UBCV Texas had gone rogue against UBCV.

24.    On information and belief, less than a month later (on or about September 16, 2015), UBCV Texas sold the real property in California purchased for the temple, without the knowledge, consent or approval of UBCV.  On information and belief, the sale was for inadequate consideration to a close associate of Dang, and UBCV Texas failed to provide even those proceeds from the sale to UBCV.

25.    On information and belief, the following month (on or about October 7-9, 2015), UBCV Texas proceeded to organize a gathering in California named "Annual Congress of the Unified Buddhist Church of Vietnam," without the knowledge, consent or approval of UBCV. On information and belief, the gathering was held in total disregard of UBCV Patriarch Thich Quang Do's specific declaration (on September 14, 2015) that Dang and his group, who had been expelled for life from the UBCV, had no legitimacy to organize an event under this name.

26.     Dang and the other defendants are continuing to control UBCV Texas, without permission from and over the objection of UBCV.

27.     On information and belief, Dang and the other defendants are creating or forming a separate religious organization, using the name, marks and goodwill, as well as the charitable contributions, of UBCV.

28.     Defendants by their direct and/or contributory use of the marks "UBCV", "Unified Buddhist Church of Vietnam", and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a/ Van Phong II Vien Hoa Dao", with or without the additional designation   "Texas," are causing a high level of confusion among the members of UBCV, as to whether UBCV Texas is authorized to use the marks and as to whether UBCV Texas is a representative of Plaintiff UBCV, the parent church, particularly with respect to the members contributing donations.  Defendants are causing a high level of confusion as to the source of the marks and Defendants' corresponding services.

29.     Defendants are attempting to trade off of the goodwill and reputation of Plaintiff UBCV through direct and/or contributory use of the marks "UBCV", "Unified Buddhist Church of Vietnam", and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a/ Van Phong II Vien Hoa Dao", with or without the additional designation   "Texas," which marks are identical or substantially identical to Plaintiff's marks and were all originally Plaintiff's marks.

30.     Defendants knew the marks "UBCV", "Unified Buddhist Church of Vietnam", and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat

d/b/a/ Van Phong II Vien Hoa Dao", with and without the additional designation "Texas," were Plaintiff's marks when Defendants continued to use them after Dang resigned from UBCV-Texas.  Defendants know or should have known of Plaintiff's longstanding use of the marks.

31.    Upon information and belief, Defendants have acted with the intent to cause dilution, blurring and tarnishing of Plaintiff's marks.

32.    Compounding confusion among members of UBCV, and others following UBCV and its teachings, and further interfering with UBCV and its members, Defendant Unified Buddhist Church of Vietnam-Giao Hoi Phat Giao Viet Nam Thong Nhat has brought in bad faith opposition proceedings against UBCV's applications to register UBCV's marks UNIFIED BUDDHIST CHURCH OF VIETNAM and UNIFED BUDDHIST CHURCH OF VIETNAM-FIAO HOI PHAT GIAO VIETNAM THONGNHAT d/b/a/ VAN PHONG II VIEN HOA DAO before the United States Patent and Trademark Office. Those proceedings, Opposition Nos. 91232383 and 91232384, relating respectively to U.S. Trademark Application Serial Nos. 86816060 and 86816082, are pending, and require UBCV to defend its own use of its marks from opposition by a church UBCV initiated, organized, and nurtured, and who consequently well knows that UBCV has prior claim to use of the marks.

33.    Defendants' conduct gives rise to the following causes of action.

# VI.
# CAUSES OF ACTION

## COUNT ONE

### False Designation of Origin in Violation of the Federal Lanham Act
### (against UBCV Texas, Dang and Dieu)

34.     Plaintiff, UBCV, re-alleges and incorporates by reference the allegations of the preceding Paragraphs 1-33 of this Complaint as if fully set forth herein.

35.     Through Defendants UBCV Texas's, Dang's and Dieu's direct and/or contributory use of Plaintiff's marks, "UBCV", "Unified Buddhist Church of Vietnam", and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a/ Van Phong II Vien Hoa Dao", with or without the additional designation  "Texas," in connection with religious services, Defendants UBCV Texas, Dang and Dieu have falsely designated and misrepresented the origin, sponsorship, or approval of such services.

36.     Pursuant to 15 U.S.C. § 1125(a), such acts are likely to cause confusion or mistake and likely have confused and deceived potential and actual Unified Buddhist Church of Vietnam members into believing that the services offered by Defendants are affiliated with, sponsored by, or connected with UBCV and the Patriarch.

37.     Defendants UBCV Texas's, Dang's and Dieu's continued use of the marks "UBCV", "Unified Buddhist Church of Vietnam", and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a/ Van Phong II Vien Hoa Dao", with or without the additional designation  "Texas," causes a high likelihood of deception and confusion to actual and potential members of UBCV in a material manner influential to such members' decisions for religious services and related charitable donations.

9

38.     As a direct and proximate result of Defendants' actions, UBCV has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

## COUNT TWO

### Unfair Competition in Violation of the Federal Lanham Act
### (against UBCV Texas, Dang and Dieu)

39.     Plaintiff, UBCV, re-alleges and incorporates by reference the allegations of the preceding Paragraphs 1-38 of this Complaint as if fully set forth herein.

40.     Through Defendants UBCV Texas's, Dang's and Dieu's  use of Plaintiff's marks, UBCV", "Unified Buddhist Church of Vietnam", and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong in Nhat d/b/a/ Van Phong II Vien Hoa Dao", with or without the additional designation  "Texas," in connection with religious services, Defendants are passing off their services as those of UBCV in a manner that is false, misleading, and misrepresentative of the nature, characteristics, and quality of UBCV's services.

41.     Defendants UBCV Texas's, Dang's and Dieu's acts are likely to cause confusion or mistake, and likely have confused and deceived potential and actual members of UBCV into believing that the services offered by Defendants are affiliated with, sponsored by, or somehow connected with UBCV.

42.     As a direct and proximate result of Defendants' actions, UBCV has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

43.     Under 15 U.S.C. § 1125(a), Defendants' acts constitute unfair competition by passing off their services for those of UBCV.

## COUNT THREE

### Dilution in Violation of the Federal Lanham Act
### (against UBCV Texas, Dang and Dieu)

44.    Plaintiff, UBCV, re-alleges and incorporates by reference the allegations of the preceding Paragraphs 1-43 of this Complaint as if fully set forth herein.

45.    Through UBCV's long-standing and extensive use and consumer recognition, Plaintiff's marks, "UBCV", "Unified Buddhist Church of Vietnam", and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a/ Van Phong II Vien Hoa Dao", with and without the additional designation  "Texas," are famous and have acquired distinctiveness.

46.    Defendants UBCV Texas's, Dang's and Dieu's recent adoption and use, and contributory use, of these marks occurred after all of the marks were famous.

47.    Under 15 U.S.C. § 1125(c)(1), Defendants UBCV Texas's, Dang's and Dieu's use of Plaintiff's marks has caused and is likely to cause dilution by blurring and tarnishing Plaintiff's marks.

48.    Defendants UBCV Texas's, Dang's and Dieu's willful intent to trade on the recognition of Plaintiff's marks in religious services will harm the reputation of these famous marks.

49.    As a direct and proximate result of Defendants' actions, UBCV has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

## COUNT FOUR

### Trademark Infringement in Violation of Texas Common Law
### (against UBCV Texas, Dang and Dieu)

50.    Plaintiff, UBCV, re-alleges and incorporates by reference the allegations in paragraphs 1-49 as if fully set forth herein.

51.    UBCV has a valid, legally protectable interest in its marks "UBCV", "Unified Buddhist Church of Vietnam", and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a/ Van Phong II Vien Hoa Dao", with and without the additional designation  "Texas."

52.    Defendants UBCV Texas, Dang and Dieu have used and continue to use Plaintiff's marks in commerce to identify their own services.

53.    Defendants UBCV Texas, Dang and Dieu do not have UBCV's consent, permission or license to use its marks.

54.    Defendants UBCV Texas, Dang and Dieu used Plaintiff's marks with the intent to confuse consumers regarding the origins of Defendants' services.

55.    Defendants UBCV Texas's, Dang's and Dieu's use of Plaintiff's marks has caused consumer confusion, and will continue to cause consumer confusion, regarding the origins of Defendants' products and services and has diminished UBCV's goodwill and ability to control its services and charitable fundraising efforts under its marks.

56.    Defendants UBCV Texas's, Dang's and Dieu's conduct constitutes trademark infringement in violation of Texas common law.

57.     Defendants' acts have caused and will continue to cause, UBCV to suffer damages.

## COUNT FIVE

### Dilution Under Tex. Bus. & Comm. Code §16.103
### (against UBCV Texas, Dang and Dieu)

58.     Plaintiff, UBCV, re-alleges and incorporates by reference the allegations of the preceding Paragraphs 1-57 of this Complaint as if fully set forth herein.

59.     Through UBCV's long-standing and extensive use and the subsequent consumer recognition, Plaintiff's marks, "UBCV", "Unified Buddhist Church of Vietnam", and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a/ Van Phong II Vien Hoa Dao", with and without the additional designation "Texas," are famous (as defined in Tex. Bus. & Comm. Code § 16.103) and have acquired distinctiveness.

60.     Defendants UBCV Texas's, Dang's and Dieu's adoption and use of Plaintiff's marks has caused and is likely to cause dilution by blurring and weakening Plaintiff's marks.

61.     Defendants UBCV Texas's, Dang's and Dieu's willful intent to trade on Plaintiff's marks, which are famous, in religious services threatens to harm the reputation of these famous marks.

62.     As a direct and proximate result of Defendants' actions, UBCV has suffered and will continue to suffer damages, including damages to its goodwill and reputation.

## COUNT SIX

### Unjust Enrichment Under Texas Common Law
### (against UBCV Texas, Dang and Dieu)

63.    Plaintiff, UBCV, re-alleges and incorporates by reference the allegations of the preceding Paragraphs 1-62 of this Complaint as if fully set forth herein.

64.    Through Defendants UBCV Texas's, Dang's and Dieu's use of Plaintiff's marks "UBCV", "Unified Buddhist Church of Vietnam", and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a/ Van Phong II Vien Hoa Dao", with and without the additional designation "Texas," Defendants have used the significant goodwill and consumer recognition inherent in Plaintiff's marks as a stepping stone to launch their own religious services and gain monetary contributions and donations.

65.    Through Defendants UBCV Texas's, Dang's and Dieu's use of Plaintiff's marks, Defendants' marketing efforts have benefited and they have profited financially, and are likely to continue benefiting and profiting, by leading UBCV members, potential members, and other consumers to believe that Defendants' religious services and fundraising efforts are affiliated with UBCV.

66.    As a direct and proximate result of Defendants' actions, UBCV has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

## COUNT SEVEN

### False Designation Of Origin Under Texas Common Law
### (against UBCV Texas, Dang and Dieu)

67.    Plaintiff, UBCV, re-alleges and incorporates by reference the allegations of the

preceding Paragraphs 1-66 of this Complaint as if fully set forth herein.

68.     Through Defendants UBCV Texas's, Dang's and Dieu's use of Plaintiff's marks, "UBCV", "Unified Buddhist Church of Vietnam", and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a/ Van Phong II Vien Hoa Dao", with and without the additional designation  "Texas," in interstate commerce in connection with Defendants' religious services and fundraising efforts, Defendants have falsely designated those services and fundraising efforts as affiliated with UBCV.

69.     Defendants UBCV Texas's, Dang's and Dieu's use of Plaintiff's marks has the capacity to materially deceive potential members and other consumers, and is likely to cause confusion, or to cause mistake, or to deceive as to the origin of Defendants' religious services and fundraising efforts.

70.     As a result of Defendants UBCV Texas's, Dang's and Dieu's false designation of its religious services and fundraising efforts, UBCV has suffered and will continue to suffer, damages, including damage to its goodwill and reputation.

**COUNT EIGHT**

**Common Law Unfair Competition**
**(against UBCV Texas, Dang and Dieu)**

71.     Plaintiff, UBCV, re-alleges and incorporates by reference the allegations of the preceding Paragraphs 1-70 of this Complaint, inclusive as if fully set forth herein.

72.     Defendants UBCV Texas's, Dang's and Dieu's use of Plaintiff's marks, "UBCV", "Unified Buddhist Church of Vietnam", and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a/ Van Phong II Vien Hoa Dao", with and

without the additional designation  "Texas," constitute unfair competition under the common law of the State of Texas.

73.    Through Defendants UBCV Texas's, Dang's and Dieu's use of Plaintiff's marks in connection with religious services and fundraising efforts, Defendants are passing off their services and fundraising efforts as those of UBCV in a manner that is false, misleading, and misrepresentative of the nature, characteristics, and quality of UBCV's services.

74.    As a direct and proximate result of Defendants' actions, UBCV has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

## COUNT NINE

### Breach of Fiduciary Duty
### (against UBCV Texas, Dang and Dieu)

75.    Plaintiff, UBCV, re-alleges and incorporates by reference the allegations of the preceding Paragraphs 1-74 of this Complaint, inclusive as if fully set forth herein.

76.    A fiduciary duty existed between UBCV and UBCV Texas, Dang and Dieu.  Prior to 2015, UBCV Texas acted as an unincorporated association operating under the assumed name of Van Phong II Vien Hoa Dao, or more particularly Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a/ Van Phong II Vien Hoa Dao, under the direction and control of UBCV.  On or about June 13, 2014, UBCV appointed Dang as a successor of a monk retiring as the head of UBCV Texas.  Subsequently to obtain 501(c)(3) tax-exempt status, UBCV instructed Dang and Dieu to incorporate UBCV Texas.

16

77.     After UBCV Texas was incorporated, UBCV raised approximately $2 million for the purchase of real property for a UBCV temple in the United States for all UBCV members.

78.     Defendants UBCV Texas, Dang and Dieu represented that they would respect and abide by the wishes of UBCV and would use donations that they were provided to purchase real property for a UBCV temple to be used by all UBCV members.  Based on these representations, UBCV raised funds for a UBCV temple by appealing to its members.  UBCV Texas and Dang were entrusted with the funds UBCV raised.

79.     Defendants owed fiduciary duties to UBCV, including the duties of undivided loyalty, good faith and fair dealing, scrupulous honesty and the duty to make full disclosure to UBCV concerning matters pertaining to the charitable donations raised by UBCV and the marks and name of UBCV.  Defendants had a duty to refrain from using the relationship to benefit their own interest, except with the full knowledge and consent of UBCV.

80.     Defendants UBCV Texas, Dang and Dieu breached their fiduciary duties towards UBCV.  Defendants UBCV Texas, Dang and Dieu sold property purchased with UBCV's donations to Defendants Que Phuong Bui and Phuong Que Bui, Inc. for no or inadequate consideration.  On information and belief, this property purchased with UBCV's donation to be used as a UBCV temple for all members is currently listed for commercial rent.

81.     Defendants UBCV Texas, Dang and Dieu failed to provide an accounting of the money they had received.  Defendants UBCV Texas, Dang and Dieu appropriated the

names and marks of UBCV.  Defendants' breaches of their fiduciary duties have resulted in injury to UBCV or benefit to the Defendants.

## COUNT TEN

### Fraud
### (against UBCV Texas, Dang and Dieu)

82.     Plaintiff, UBCV, re-alleges and incorporates by reference the allegations of the preceding Paragraphs 1-81 of this Complaint, inclusive as if fully set forth herein.

83.     Defendants UBCV Texas, Dang and Dieu committed fraud against UBCV by knowingly and/or recklessly making misrepresentations of fact and promises with no intention to perform.  Defendants UBCV Texas and Dang represented that they would properly account and use the money that they were provided.  Defendants represented that the donations they received would be used to purchase a UBCV temple for all members.  Defendants never disclosed that they intended to abscond with the money or to resell the property to Defendants Que Phuong Bui and Phuong Que Bui, Inc. for no or inadequate consideration.  They never disclosed that they would remarket the property for commercial rent.

84.     UBCV relied on Defendants' misrepresentations and false promises in raising the campaign donations and entrusting UBCV Texas and Dang with the funds.  UBCV relied on Defendants' misrepresentations and false promises, and suffered damages as a result of them.

## COUNT ELEVEN

### Assumpsit / Money Had and Received / Unjust Enrichment
### (against UBCV Texas and Dang)

85.    Plaintiff, UBCV, re-alleges and incorporates by reference the allegations of the preceding Paragraphs 1-84 of this Complaint, inclusive as if fully set forth herein.

86.    UBCV Texas and Dang holds money that in equity and good conscience belongs to UBCV.  UBCV Texas and Dang obtained the benefit of the money UBCV raised by fraud.   The acts of Defendants complained of herein constitute unjust enrichment of UBCV Texas and Dang at the expense of UBCV.

## COUNT TWELVE

### Conspiracy

87.    Plaintiff, UBCV, re-alleges and incorporates by reference the allegations of the preceding Paragraphs 1-86 of this Complaint, inclusive as if fully set forth herein.

88.    All Defendants are guilty of a conspiracy that damaged UBCV. Defendants were a member of a combination of two (2) or more persons. They acted in concert among and between themselves and conspired to commit the unlawful acts and wrongful conduct set forth above.

## COUNT THIRTEEN

### Accounting

89.    Plaintiff, UBCV, re-alleges and incorporates by reference the allegations of the preceding Paragraphs 1-88 of this Complaint, inclusive as if fully set forth herein.

90.     UBCV requests an accounting of the funds and proceeds it provided to UBCV Texas. Despite repeated requests, UBCV Texas under the direction and control of Dang and Dieu refuses to provide a proper accounting.

## V.
## PRAYER FOR RELIEF

For all of the foregoing reasons, Plaintiff UBCV asks for judgment against Defendants in the following form:

(a)     Permanent injunction under 15 U.S.C. §§ 1116 and 1125(a) and (c)(1), and Tex. Bus. & Comm. Code   § 16.103(c), barring Defendants, and their officers, agents, employees, and all persons acting on any of Defendants' behalf from (i) using any of Plaintiff's marks, "UBCV", "Unified Buddhist Church of Vietnam", and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a/ Van Phong II Vien Hoa Dao", with or without the additional designation   "Texas," or any other similar variation or phonetic equivalent, in connection with their religious services or fundraising efforts; (ii) advertising or marketing any of Plaintiff's marks, or any other similar variation or phonetic equivalent, in signage, programs, brochures, letterhead, business cards, marketing materials, websites or social media; and (iii) publicly representing, or otherwise stating or implying, that Defendant or its services are in any way affiliated with UBCV.

(b)    An injunction ordering Defendants, pursuant to 15 U.S.C. §§ 1118 and 1125(c)(5), to deliver for destruction all advertising and promotional materials and any other items bearing any of Plaintiff's marks, "UBCV", "Unified Buddhist Church of Vietnam", and "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a/ Van Phong II Vien Hoa Dao", with or without the additional designation "Texas," or their equivalents;

(c)    An award of Defendants' profits, damages, and costs under 15 U.S.C. §§ 1117(a) and 1125(c)(5) and Tex. Bus. & Comm. Code § 16.103(c);

(d)    Equitable relief including unjust enrichment, constructive trust, and disgorgement of profits and funds from fundraising efforts;

(e)    An award to UBCV its reasonable attorneys' fees and the costs of this action, under 15 U.S.C. §§ 1125(c)(5) and 1117(a) and Tex. Bus. & Comm. Code §16.103(c);

(f)    Actual and exemplary damages; and

(g)    All other relief the Court deems appropriate at law and in equity.

## VI

## JURY DEMAND

UBCV demands a trial by jury on all issues so triable.

Dated: May 9, 2017

Respectfully submitted,

**THE TAMMY TRAN LAW FIRM**
**TAMMY TRAN ATTORNEYS AT LAW, LLP**

By: /s/Tammy Tran
    TAMMY TRAN
    Attorney-in-Charge
    Texas Bar No. 20186400
    Federal Bar No. 328541
    ttran@tt-lawfirm.com
    PETE MAI
    Texas Bar No. 24029702
    Federal Bar No. 1033613
    pmai@tt-lawfirm.com
    JOHN NA
    Texas Bar No. 24074786
    Federal Bar No. 1125428
    jna@tt-lawfirm.com
    2915 Fannin
    Houston, TX  77002
    Telephone:  (713) 655-0737
    Telecopier:  (713) 655-0823

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:
Karen B. Tripp
Texas Bar No. 03420850
Southern District of Texas Bar No. 2345
4265 San Felipe, Suite 1100
Houston, TX  77027
Telephone:  (713) 658-9323
Telecopier:  (713) 968-9888