United States District Court
Southern District of Texas
**ENTERED**
March 15, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNIFIED BUDDHIST CHURCH OF VIETNAM *a/k/a* GIAO HOI PHAT GIAO VIET NAM THONG NHAT, | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-17-1433 |
| UNIFIED BUDDHIST CHURCH OF VIETNAM – GIAO HOI PHAT GIAO VIET NAM THONG NHAT *d/b/a* VAN PHONG II VIEN HOA DAO *et al.*, | § § § § § § § | |
| Defendants. | § § | |

### ORDER

Pending before the Court are Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim (Document No. 6) and Bui Defendants' Motion to Dismiss for Failure to State a Claim (Document No. 9). Having considered the motions, submissions, and applicable law, the Court determines Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to state a claim should be granted in part and denied in part without prejudice, and Bui Defendants' Motion to Dismiss for Failure to State a Claim should be denied without prejudice.

## I. BACKGROUND

This case involves a dispute between two Vietnamese Buddhist organizations. Plaintiff the Unified Buddhist Church of Vietnam (the "Plaintiff") is a Vietnamese Buddhist organization allegedly founded in Vietnam. Defendant Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Viet Nam Thong ("UBCV Texas")[1] is an allegedly separate Vietnamese Buddhist organization based in Houston, Texas and led by Defendant Dang Pham ("Dang").[2] Plaintiff alleges that Dang and UBCV Texas's attorney, Defendant Steven Dieu ("Dieu"), acting as agents of UBCV Texas,[3] purchased real property in California (the "California Property") on behalf of Plaintiff using funds entrusted to the UBCV Texas Defendants by Plaintiff, improperly sold the California Property to Defendants Que Phong Bui and Phong Que Bui, Inc. (collectively, the "Bui Defendants") for no or inadequate consideration, and failed to account for the proceeds of the sale.[4] Plaintiff further alleges that the UBCV Texas Defendants are infringing on Plaintiff's "UBCV," "Unified Buddhist Church of Vietnam," and

---

[1] UBCV Texas also does business as Van Phong II Vien Hoa Dao.

[2] Dang is also known as Thich Giac Dang.

[3] The Court refers to UBCV Texas, Dang, and Dieu, collectively, as the "UBCV Texas Defendants."

[4] The Court refers to the UBCV Texas Defendants and the Bui Defendants, collectively, as the "Defendants."

2

"Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong d/b/a Van Phong II Vien Hoa Dao" trademarks.

Based on these allegations, on May 9, 2017, Plaintiff filed this lawsuit against the Defendants. Plaintiff brings claims against the UBCV Texas Defendants under Texas common law for breach of fiduciary duty, fraud, and assumpsit/money had and received/unjust enrichment (the "Non-Trademark Claims").[5] Plaintiff also brings claims against the UBCV Texas Defendants under Texas law and the federal Lanham Act for false designation, unfair competition, dilution, trademark infringement, and unjust enrichment (the "Trademark Claims").[6] Finally, Plaintiff brings a civil conspiracy claim against the Defendants. On June 19, 2017, the UBCV Texas Defendants moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's claims against the UBCV Texas Defendants. On July 6, 2017, the Bui Defendants moved pursuant to Rule 12(b)(6) to dismiss Plaintiff's conspiracy claim against the Bui Defendants.

---

[5] The Non-Trademark Claims consist of counts nine through eleven of the complaint.

[6] The Trademark Claims consist of counts one through eight of Plaintiff's complaint.

## II. STANDARD OF REVIEW

*A.   Federal Rule of Civil Procedure 12(b)(1)*

Federal Rule of Civil Procedure 12(b)(1) requires that a court dismiss a claim if the court does not have subject matter jurisdiction over the dispute. FED. R. CIV. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) must be considered before any motion on the merits because subject matter jurisdiction is required to determine the validity of any claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.* Unlike a court considering a Rule 12(b)(6) or Rule 56 motion, district courts have a "unique power . . . to make factual findings which are decisive of [subject matter] jurisdiction" when considering a motion under Rule 12(b)(1) that raises questions of fact relevant to subject matter jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).

B.  *Federal Rule of Civil Procedure 12(b)(6)*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

The UBCV Texas Defendants move (1) pursuant to Rule 12(b)(1) to dismiss the Non-Trademark Claims; and (2) pursuant to Rule 12(b)(6) to dismiss the Trademark Claims. The Bui Defendants move pursuant to Rule 12(b)(6) to dismiss Plaintiff's conspiracy claim against the Bui Defendants. The Court first addresses the UBCV Texas Defendants' Rule 12(b)(1) motion then turns to the Defendants' respective Rule 12(b)(6) motions.

*A.     The UBCV Texas Defendants' Rule 12(b)(1) Motion to Dismiss*

The UBCV Texas Defendants move pursuant to Rule 12(b)(1) to dismiss the Non-Trademark Claims, contending the Court lacks subject matter jurisdiction over the Non-Trademark Claims. Plaintiff contends the Court has subject matter jurisdiction over the Non-Trademark Claims and alternatively seeks to transfer Plaintiff's lawsuit to the United States District Court for the Central District of California, Southern Division. The Court first turns to whether the Court has subject matter jurisdiction over the Non-Trademark Claims.

*1.     Subject Matter Jurisdiction*

Plaintiff previously asserted the Non-Trademark Claims against the UBCV Texas Defendants in a separate lawsuit (the "State Lawsuit") filed in the 234th District Court of Harris County, Texas (the "State Court"), and the State Court dismissed the Non-Trademark Claims without prejudice, finding the State Court

lacked subject matter jurisdiction over the Non-Trademark Claims. The UBCV Texas Defendants now contend this Court likewise lacks subject matter jurisdiction because the State Court's jurisdictional finding regarding the Non-Trademark Claims is res judicata in this lawsuit. Plaintiff disagrees.

As a preliminary matter, "in determining the preclusive effect of a prior state court judgment, federal courts must apply the law of the state from which the judgment emerged." *J.M. Muniz, Inc. v. Mercantile Tex. Credit Corp.*, 833 F.2d 541, 543 (5th Cir. 1987). The Court therefore applies Texas law to determine whether the State Court's jurisdictional ruling is res judicata in this lawsuit. Under Texas law, there are three requirements that must be met for a prior judgment to bar a subsequent action as res judicata: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the parties or those in privity with them are the same in both actions; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *See Citizen Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

The second element is undisputed: the parties in the State Lawsuit and this lawsuit are identical. Nor is the third element disputed: both cases are based on the same causes of action (the Non-Trademark Claims). Regarding the first element, however, Plaintiff contends res judicata does not apply to the State Court's

jurisdictional determination because the State Lawsuit did not result in a final judgment on the merits. The UBCV Texas Defendants contend res judicata applies to a state court's determination of jurisdictional issues regardless of whether the state court reached the merits of the underlying claims.

"An order that dismisses a lawsuit for lack of jurisdiction is not res judicata of the merits of that lawsuit and does not bar the plaintiff from bringing the same cause again once the impediment to jurisdiction has been removed." *Ab-Tex Beverage Corp. v. Angelo State Univ.*, 96 S.W.3d 683, 686 (Tex. App.—Austin 2003, no pet.) (citing *Brown v. Prairie View A & M Univ.*, 630 S.W.2d 405, 408 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.)). However, a plaintiff that fails to remove an impediment to jurisdiction may not relitigate jurisdictional issues previously litigated and determined in a prior proceeding. *See Nguyen v. Desai*, 132 S.W.3d 115, 118 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Equitable Tr. Co. v. Commodity Futures Trading Comm'n*, 669 F.2d 269, 272 (5th Cir. 1982) (finding a previously litigated and determined issue of subject matter jurisdiction foreclosed subsequent litigation of jurisdictional issues)). In other words, a dismissal for lack of subject matter jurisdiction does not create claim preclusion but, despite not being a final judgment on the merits, it may create issue preclusion. *See id.*; *see also Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 752–53 (Tex. 2017) (quoting the RESTATEMENT (SECOND)

OF JUDGMENTS § 12 cmt. c (1982)). Therefore, unless Plaintiff has removed the impediment to jurisdiction upon which the State Court's dismissal was based, the State Court's jurisdictional determination is res judicata in the instant action and will not be reconsidered by this Court.

It is undisputed that the State Court dismissed the Non-Trademark Claims pursuant to the local action rule,[7] finding Texas courts do not have jurisdiction over the Non-Trademark Claims because they hinge on the adjudication of title to property located in California (the California Property).[8] Plaintiff contends Plaintiff has removed the jurisdictional impediment in this lawsuit because the live federal complaint (the "Complaint") does not include requests for declaratory relief related to title to the California Property (the "Declaratory Relief") that were included in Plaintiff's original petition in the State Lawsuit (the "Original Petition"). Yet, although Plaintiff requested the Declaratory Relief in the Original Petition, the request for the Declaratory Relief was subsequently omitted from Plaintiff's amended state court petition (the "Amended Petition"), which was the *live petition*

---

[7] Under the local action rule, Texas courts lack jurisdiction over claims that require or hinge upon a determination of ownership of property located in another state. *Trutec Oil and Gas, Inc. v. W. Atlas Intern., Inc.*, 194 S.W.3d 580, 584 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Boaz Legacy, L.P. v. Roberts*, 628 F. App'x 318, 319 (5th Cir. 2016).

[8] *Plaintiff's Sur-Reply to Defendants' Motion to Dismiss*, Document No. 15 at 1.

at the time the State Court dismissed the Non-Trademark Claims.[9] Thus, the State Court found the Non-Trademark Claims hinged on the adjudication of title to the California Property—and were thus barred by the local action rule—even absent Plaintiff's request for the Declaratory Relief. Further, the allegations supporting the Non-Trademark Claims in the Complaint are substantially similar to the allegations supporting the Non-Trademark Claims in the Amended Petition. Plaintiff has therefore failed to correct the jurisdictional deficiencies upon which the State Court based its dismissal.

The Court therefore finds that the State Court's holding that Texas courts lack jurisdiction over the Non-Trademark claims based on the local action rule is res judicata in this lawsuit. Accordingly, the Court lacks subject matter jurisdiction over the Non-Trademark Claims.[10]

2. *Transfer*

Having found the Court lacks subject matter jurisdiction over the Non-Trademark Claims, the Court turns to Plaintiff's motion to transfer. Plaintiff

---

[9] *Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim*, Document No. 6, Exhibit D at 6, 10 (*Amended Petition*); *Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim*, Document No. 6, Exhibit F (*Order of Dismissal*).

[10] Having found that the State Court's jurisdictional finding is res judicata in the instant lawsuit, the Court must likewise find that the Court lacks subject matter jurisdiction over the Non-Trademark Claims. *See Unity Commc'ns, Inc. v. Unity Commc'ns of Colo., LLC*, 105 F. App'x 546, 548 (5th Cir. 2004) (affirming district court's dismissal of claim for lack of subject matter jurisdiction based on res judicata).

alternatively seeks to transfer all of Plaintiff's claims against Defendants to the Central District of California—the district in which the California Property is located—pursuant to 28 U.S.C. § 1631. The decision to transfer a case is within the discretion of the court. *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (per curiam). When a court lacks subject matter jurisdiction over a case, Section 1631 gives a court the authority to, in the interest of justice, transfer the case to a court in which it could have been brought rather than dismiss the case. 28 U.S.C. § 1631; *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988). In determining whether transfer rather than dismissal is in the interest of justice, courts consider "whether the claim will be time-barred if filed afresh, whether the claims are likely to have merit, and whether the claims were filed in the original court in good faith." 15 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3842 (4th ed. 2017); *Patterson v. Spellings*, 249 F. App'x 993, 998 (5th Cir. 2007).

Plaintiff does not contend or offer evidence indicating transfer is necessary to avoid the running of the statute of limitations on any of Plaintiff's claims. Nor does Plaintiff otherwise offer any specific reason why the Court should transfer Plaintiff's entire lawsuit to the Central District of California rather than dismissing the Non-Trademark Claims. Plaintiff contends only that transferring a case is generally in the interest of justice. The Court finds this contention unpersuasive.

*See Patterson*, 249 F. App'x at 998; *see also Rouben v. Parkview Hosp., Inc.*, Civil No. 1:09CV736–HSO–JMR, 2010 WL 4537012, at *2 (S.D. Miss. Nov. 2, 2010) (Ozerden, J.) ("[T]he mere prospect of additional filing fees or other associated costs does not weigh heavily in favor of transfer." (citing *Patterson*, 249 F. App'x at 998)). It is also unclear whether the Central District of California has personal jurisdiction over the Defendants. *See Cappa Fund III, Inc. v. Acttherm Holding, A.S.*, Civil Action No. 3:10–CV–0897–L, 2010 WL 3766754, at *4 (N.D. Tex. Sept. 27, 2010) (Lindsay, J.). The Court therefore finds transfer pursuant to Section 1631 inappropriate[11] and exercises the Court's discretion to dismiss the Non-Trademark Claims rather than transfer this entire lawsuit to the Central District of California. Accordingly, the UBCV Texas Defendants' Rule 12(b)(1) motion to dismiss the Non-Trademark Claims is granted and Plaintiff's motion to transfer is denied.

---

[11] In Plaintiff's sur-reply, Plaintiff also moves to transfer the case to the Central District of California pursuant to 28 U.S.C. § 1406(a). When venue is improper in the district in which a case is filed, Section 1406 gives a court the authority to, "if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought" rather than dismiss the case. *Id.* First, venue has not been contested in this lawsuit. Second, as discussed above, Plaintiff has failed to show that a transfer is in the interest of justice. Third, as discussed *supra* Part III.A.1, the Court lacks subject matter jurisdiction over the Non-Trademark Claims. *See Uviado, LLC ex rel. Khan v. U.S. ex rel. I.R.S.*, 755 F. Supp. 2d 767, 787–88 (S.D. Tex. 2010) (Rosenthal, J.) ("To order a venue transfer under § 1406(a), a court must have subject matter jurisdiction over the case" (quoting 14D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3827 (3d ed. 2007))). Accordingly, the Court likewise finds transfer pursuant to Section 1406(a) inappropriate.

B.     *The Defendants' Rule 12(b)(6) Motions to Dismiss*

The UBCV Texas Defendants move pursuant to Rule 12(b)(6) to dismiss the Trademark Claims.[12] The Bui Defendants move pursuant to Rule 12(b)(6) to dismiss Plantiff's conspiracy claim against the Bui Defendants. Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Court has reviewed Plaintiff's Complaint and finds the Trademark Claims and conspiracy claim do not meet the pleading requirements of Rule 8. However, courts generally allow one chance to amend a deficient pleading before dismissing with prejudice. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Plaintiff is therefore granted leave to amend its complaint so that it is responsive to the issues raised by Defendants' respective Rule 12(b)(6) motions to dismiss and is compliant with Rule 8.[13]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

---

[12] The UBCV Texas Defendants also move pursuant to Rule 12(b)(6) to dismiss Plaintiff's fraud and breach of fiduciary duty claims. However, in light of the Court's above holding, the UBCV Texas Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's fraud and breach of fiduciary duty claims is denied as moot.

[13] Because the Court has granted the UBCV Texas Defendants' Rule 12(b)(1) motion to dismiss the Non-Trademark claims, the amended complaint shall not reassert those claims.

**ORDERS** that Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim (Document No. 6) is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**. The UBCV Texas Defendants' Rule 12(b)(1) motion to dismiss is granted and the UBCV Texas Defendants' Rule 12(b)(6) motion to dismiss is denied without prejudice. The Court further

**ORDERS** that Bui Defendants' Motion to Dismiss for Failure to State a Claim (Document No. 9) is **DENIED WITHOUT PREJUDICE**. The Court further

**ORDERS** that Plaintiff shall file an amended complaint within twenty-one days from the date of this Order that is responsive to the issues raised by the Defendants' respective Rule 12(b)(6) motions to dismiss and is compliant with Rule 8. Failure to file an amended complaint within twenty-one days will result in the dismissal of Plaintiff's case without further notice.

SIGNED at Houston, Texas, on this 14 day of March, 2018.

DAVID HITTNER
United States District Judge