United States District Court
Southern District of Texas
**ENTERED**
January 17, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNIFIED BUDDHIST CHURCH OF VIETNAM *a/k/a* GIAO HOI PHAT GIAO VIET NAM THONG NHAT, | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-17-1433 |
| UNIFIED BUDDHIST CHURCH OF VIETNAM – GIAO HOI PHAT GIAO VIET NAM THONG NHAT *d/b/a* VAN PHONG II VIEN HOA DAO *et al.*, | § § § § § § § | |
| Defendants. | § | |

ORDER

Pending before the Court are UBCV Inc. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim (Document No. 32) and Bui Defendants' Second Renewed Motion to Dismiss for Failure to State a Claim (Document No. 33). Having considered the motions, submissions, and applicable law, the Court determines UBCV Inc. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim should be granted in part and denied in part, and Bui Defendants' Second Renewed Motion to Dismiss for Failure to State a Claim should be granted.

## I. BACKGROUND

This is an intellectual property dispute concerning Vietnamese Buddhist organizations. Plaintiff Unified Buddhist Church of Vietnam ("Plaintiff") is a Vietnamese Buddhist organization allegedly founded in Vietnam. Defendant Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Viet Nam Thong Nhat ("UBCV Texas")[1] is an allegedly separate Vietnamese Buddhist organization based in Houston, Texas and led by Defendant Dang Pham ("Dang").[2] Plaintiff alleges Dang, acting through UBCV Texas, purchased real property in California (the "California Property") using funds Plaintiff had entrusted to UBCV Texas and failed to account for such funds. Plaintiff alleges UBCV Texas then sold the California Property for inadequate consideration and without Plaintiff's authorization. Plaintiff further alleges UBCV Texas, Dang, and UBCV Texas's attorney, Defendant Steven Dieu ("Dieu")[3] are infringing Plaintiff's trademarks of: (1) "UBCV"; (2) "Unified Buddhist Church of Vietnam"; and (3) "Unified Buddhist Church of Vietnam – Giao Hoi Phat Giao Vietnam Thong Nhat d/b/a Van Phong II Vien Hoa Dao," with and without the additional designation "Texas."

---

[1] UBCV Texas also does business as Van Phong II Vien Hoa Dao.

[2] Dang is also known as Thich Giac Dang.

[3] The Court refers to UBCV Texas, Dang, and Dieu, collectively, as the "UBCV Texas Defendants."

Based on the foregoing, on May 9, 2017, Plaintiff filed this lawsuit against the UBCV Texas Defendants and Defendants Que Phuong Bui and Phuong Que Bui, Inc., (collectively, the "Bui Defendants"). Plaintiff brings claims under Texas law and the Lanham Act for false designation of origin, unfair competition, dilution, trademark infringement, and unjust enrichment (collectively, the "Trademark Claims") against, and requests an accounting from, the UBCV Texas Defendants. Plaintiff also brings a civil conspiracy claim against the UBCV Texas Defendants and the Bui Defendants. On March 14, 2018, the Court denied without prejudice the UBCV Texas Defendants' and the Bui Defendants' motions to dismiss for failure to state a claim and allowed Plaintiff to amend the complaint. On April 4, 2018, Plaintiff filed an amended complaint. On July 17, 2018, with the Court's leave, Plaintiff filed a second amended complaint. On July 31, 2018, the UBCV Texas Defendants and the Bui Defendants moved to dismiss for failure to state a claim.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) governs dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). In deciding a Rule 12(b)(6) motion to dismiss, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

The UBCV Texas Defendants and the Bui Defendants move to dismiss for failure to state a claim under Rule 12(b)(6). The Court addresses the UBCV Texas Defendants' and the Bui Defendants' motions to dismiss in turn.

*A.  The UBCV Texas Defendants' Motion to Dismiss*

The UBCV Texas Defendants move to dismiss the civil conspiracy claim, the Trademark Claims, and the request for an accounting under Rule 12(b)(6). The Court

addresses the civil conspiracy claim and the Trademark Claims, along with the request for an accounting, in turn.

*1. Civil Conspiracy*

The UBCV Texas Defendants move to dismiss the civil conspiracy claim under Rule 12(b)(6), contending Plaintiff fails to sufficiently allege a meeting of the minds. A civil conspiracy claim consists of five elements: (1) "two or more persons"; (2) "an object to be accomplished"; (3) "a meeting of the minds on the object or course of action"; (4) "one or more unlawful, overt acts"; and (5) "damages as a proximate result." *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). "[C]ivil conspiracy requires specific intent." *Triplex Commc'ns, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995). To plead the existence of a meeting of the minds, a plaintiff's complaint must allege "a preconceived plan or a time and place at which [the defendants] had a meeting of the minds regarding the object of the conspiracy." *Springboards to Educ., Inc. v. Kipp Found.*, 325 F. Supp. 3d 704, 718 (N.D. Tex. 2018) (Fish, J.) (quoting *I Love Omni, LLC v. Omnitrition Int'l, Inc.*, No 3:16-CV-2410-G, 2017 WL 1281130, at *3 (N.D. Tex. Apr. 6, 2017) (Fish, J.)). The plaintiff's complaint must allege facts "connecting the actions of [the defendants] to a preconceived plan[.]" *Id.* (quoting *I Love Omni, LLC*, 2017 WL 1281130, at *3).

The complaint alleges Dang called a special meeting where "six new members of the Board aligned with [Dang were] elected[,]" allowing UBCV Texas to go

"rogue against [Plaintiff]."[4] The complaint also alleges: (1) UBCV Texas sold the California Property to a "close associate of Dang"; (2) "Dang and the other defendants are continuing to control UBCV Texas, without permission from and over the objection of [Plaintiff]"; and (3) "Dang and the other defendants are creating or forming a separate religious organization, using the name, marks and goodwill, as well as the charitable contributions, of [Plaintiff]."[5] The complaint does not allege the UBCV Texas Defendants had a preconceived plan or a time and place at which the UBCV Texas Defendants formed a meeting of the minds as to the object of the alleged conspiracy. Moreover, the complaint does not contain allegations connecting the actions of the UBCV Texas Defendants to a preconceived plan. The Court therefore finds Plaintiff fails to state a civil conspiracy claim against the UBCV Texas Defendants. Thus, the Court finds the UBCV Texas Defendants' motion to dismiss should be granted as to the civil conspiracy claim. Accordingly, the UBCV Texas Defendants' motion to dismiss is granted as to the civil conspiracy claim.

  2. *Trademark Claims and Request for an Accounting*

The UBCV Texas Defendants move to dismiss the Trademark Claims and the request for an accounting under Rule 12(b)(6). Having considered the motion,

---

  [4] *Plaintiff's Second Amended Complaint*, Document No. 29, ¶ 22 [hereinafter *Complaint*].

  [5] *Complaint*, *supra* note 4, ¶¶ 23, 25–26.

submissions, and applicable law, the Court determines the motion should be denied as to the Trademark Claims and the request for an accounting.

B.  *The Bui Defendants' Motion to Dismiss*

The Bui Defendants move to dismiss the civil conspiracy claim under Rule 12(b)(6), contending Plaintiff fails to allege specific conduct committed by the Bui Defendants. The Court recited the elements of a civil conspiracy claim above.[6] A plaintiff's complaint must allege "specific acts" committed by "each defendant" to withstand a motion to dismiss under Rule 12(b)(6). *Taylor v. IBM*, 54 F. App'x 794 (5th Cir. 2002) (per curiam).

The complaint alleges "[a]ll Defendants are guilty of a conspiracy that damaged [Plaintiff]" and further alleges "Defendants were a member of a combination of two (2) or more persons" acting "in concert among and between themselves . . . ."[7] The complaint makes general allegations concerning "Defendants" and "Dang and the other defendants[.]"[8] However, the Bui Defendants are specifically identified only in the complaint's listing of parties, and even there, no specific act committed by the Bui Defendants is alleged.[9] At no time does the

---

[6] *See supra* Part III(A)(1), at 5.

[7] *Complaint, supra* note 4, ¶ 75.

[8] *Complaint, supra* note 4, ¶¶ 23, 25–26.

[9] *Complaint, supra* note 4, ¶¶ 5–6.

complaint allege any specific act committed by the Bui Defendants. The Court therefore finds Plaintiff fails to state a civil conspiracy claim against the Bui Defendants. Thus, the Court finds the Bui Defendants' motion to dismiss should be granted. Accordingly, the Bui Defendants' motion to dismiss is granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that UBCV Inc. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim (Document No. 32) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to the dismissal of the civil conspiracy claim and denied as to the Trademark Claims and the request for an accounting. The Court further

**ORDERS** that Bui Defendants' Second Renewed Motion to Dismiss for Failure to State a Claim (Document No. 33) is **GRANTED**.

SIGNED at Houston, Texas, on this 17 day of January, 2019.

DAVID HITTNER
United States District Judge